UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 1:20-cv-24239-DLG**

BARBARA ALVEREZ FUENTES,

    Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

    Defendant.
_____/

## JOINT STATUS REPORT

Plaintiff, BARBARA ALVEREZ FUENTES, and Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, pursuant to this Court's Order dated November 16, 2020 (DE 11), hereby file this Joint Status Report. In addition to determining the appropriate case management track, developing a case management plan, and discussing settlement in good faith, the following was required to be considered and reported by the Court's Order.

1. Statement of Claim

    **1. Plaintiff's Claim**

    In violation of 15 U.S.C. §§§ 1692e(2)(A), 1692e(8), and 1692e(10), Defendant falsely represented the character, amount, or legal status of the subject debt; communicated or threatened to communicate information known to be false; and used false, deceptive, or misleading representations when it sent her collection correspondence dated August 25, 2020, for an amount of 1,032.00. Plaintiff avers that she is not liable for the debt as it originated from medical treatment she received from Coral Gables Hospital and Paragon Contracting

1

Services, LLC on April 6, 2020 in connection with a work-related injury she sustained on December 7, 2019. Plaintiff alleges that creditors Coral Gables Hospital and Paragon Contracting Services, LLC had "full access and notice that Plaintiff was an injured employee under a workers' compensation policy."

**2. Defendants' Defenses**

Defendant has asserted that it did not violate the FDCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses: (1) FDCPA's bona fide error defense, (2) Not liable for the actions of third Parties (3) Failure to mitigate damages.

2. Summary of Uncontested Facts

   A. Plaintiff is a consumer.
   B. Defendant is a debt collector.
   C. Defendant attempted to collect a debt from Plaintiff.
   D. Defendant sent a letter dated August 25, 2020 to Plaintiff in connection with the subject debt.

3. Summary of Known Issues

   A. Whether the subject debt is in connection to a work-related injury.
   B. Whether Defendant engaged in an act or omission in violation of the FDCPA;
   C. If so, (i) was the violation intentional, (ii) was it the result of a bonafide error, and (iii) did it occur despite the maintenance of procedures reasonably adapted to avoid any such error.

4. Pending Motions

   There are no pending motions.

5. Progress of Discovery, and Approximate Time at which Case Ready for Trial

   There has been no discovery to date, as the parties have just held their joint scheduling conference on November 23, 2020. The parties propose the following pretrial deadlines for discovery and for the setting of trial:

>Discovery deadline **June 23, 2021**
>
>Deadline for dispositive motions **August 8, 2021**
>
>Trial on the Court's trial calendar **November 2021**

6. Estimated time for Trial

The Parties have requested a jury trial. It is estimated that the trial will take 2-3 days.

7. Unique Legal or Factual Aspects of the Case

The parties are unaware of any such unique issues but shall bring same to the attention of this Court should any arise.

8. Likelihood of Settlement

The parties shall continue to explore the possibility of settlement. The Parties hereby agree to engage in settlement discussions throughout the litigation, including mediation, after all discovery response deadlines have been met or, as applicable.

9. Election to Magistrate Judge

The Parties have not made any elections for the Magistrate Judge; See attached.

9b. Existence of Unique Issues Appropriate for Referral to Magistrate

The parties are unaware of any such issues.

10. Exchange of Discovery Listed in Rule 26(a)(1)(A).

The parties agree to exchange the discovery listed in Federal Rule of Civil Procedure 26(a)(1)(A) by **January 15, 2020**.

Dated: December 11th , 2020   Respectfully submitted,

/s/ *Jose M. Francisco*_____   /s/ *Ernest H. Kohlmyer, III*
Jose M. Francisco, Esquire   Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0892874   Florida Bar No. 110108
josefrancisco@jmflawyers.com   Skohlmyer@shepardfirm.com

| | |
|---|---|
| litigationsec1@jmflawyers.com<br>Jose M. Francisco, P.A.<br>8660 Flagler Street, Suite 100<br>Miami, FL 33144<br>Telephone: (305) 649-2213; Ext.1007<br>*Attorney for Plaintiff* | Shepard, Smith, Kohlmyer & Hand, P.A.<br>2300 Maitland Center Parkway, Suite 100<br>Maitland, Florida 32751<br>Telephone (407) 622-1772<br>Facsimile (407) 622-1884<br>*Attorneys for Defendant , Healthcare Revenue Recovery Group, LLC* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.  1:20-cv-24239-DLG**

BARBARA ALVEREZ FUENTES,

      Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

      Defendant.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

    In accordance with the provisions of Title 28, U.S.C. § 636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions to Dismiss              Yes ____    No  X
2. Motions for Summary Judgment    Yes ____    No  X
3. All Pretrial Motions            Yes ____    No  X
4. Other                           Yes ____    No  X

12/11/2020                         /s/ Jose M. Francisco
(Date)                             (Signature) Counsel for Plaintiff

12/11/2020                         /s/ Ernest H. Kohlmyer, III
(Date)                             (Signature) Counsel for Defendant